## Case No. 2,495.

### In re CASEY.

[10 Blatchf. 376;[1] 8 N. B. R. 71.]

Circuit Court, D. Vermont. Jan. 18, 1873.

PRACTICE IN BANKRUPTCY—REVIEW—APPEAL—FINAL DECREE—SUMMARY PROCEEDING.

1. The review, by the circuit court, of an order made by the district court, in the exercise of its summary jurisdiction in bankruptcy, under the 1st section of the bankruptcy act of March 2, 1867 (14 Stat. 517), cannot be had by means of an appeal, taken under the 8th section of said act.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

2. The practice in general use, in the second circuit, for the review of such an order, is by a petition to the circuit court, setting forth so much of the proceeding in the district court as is necessary to show the order complained of, and the facts on which it was based, or the evidence, where the facts are in dispute, pointing out specifically the supposed error or errors, and asking a review and reversal, or modification, of the order complained of.

3. A mere notice of appeal is not "proper process," for invoking a review of such an order.

4. Semble, that the review of such an order may be applied for at any time before the supposed erroneous order is carried into execution.

5. A summary proceeding, by order to show cause, based upon a petition in the district court, in bankruptcy, asking that the assignee in bankruptcy be directed to pay the mortgage debt out of the estate, and that, in default of payment, the assignee and a subsequent mortgagee be foreclosed of all equity of redemption in the mortgaged premises, cannot, for the purposes of an appeal from an order made thereon, directing that a decree of foreclosure be made in favor of the petitioner upon one mortgage, and in favor of such subsequent mortgagee on another, and ordering a reference, to ascertain the amount due on those mortgages, and dismissing the petition as to a third mortgage, but not settling the terms, or conditions, or times, when the foreclosure shall become operative, be regarded as a suit, so as to sustain an appeal taken from such order, under the 8th section of said act.

6. Such an order, if regarded as made in a suit, is not a final decree therein.

7. The appeal provided for by the said 8th section can be taken only from a final decree.

8. Jurisdiction to foreclose a mortgage on the estate of a bankrupt, at the instance of the mortgagee or holder, is not included in the powers to be exercised summarily under the 1st section of said act.

[Cited in Bradley v. Healey, Case No. 1,781; Olney v. Tanner, 10 Fed. 104.]

[Appeal from the district court of the United States for the district of Vermont.]

In bankruptcy.

John Prout, for petitioner.

John W. Stewart and E. J. Ormsbee, for assignee.

WOODRUFF, Circuit Judge. Isaac Alden, claiming to be the owner, by assignment, of certain two mortgages upon real estate of the bankrupt, presented his petition to the district court, setting out a mortgage dated June 19th, 1841, made by a former owner of the premises, to one Austin, afterwards assigned to the petitioner, and another mortgage, dated August 7th, 1855, made by the bankrupt to Mary A. Newman, which was afterwards, as he states, delivered to him, and which, he states, he now owns, with the promissory notes thereby secured. The petitioner also states, that, on the 10th of November, 1865, the bankrupt executed another mortgage, upon the same premises, to Nathan T. Sprague. He further states, that the amounts of the several mortgages are due and unpaid, with the exception of certain payments on account thereof, which it is not material here to specify; and he asks, that

the bankrupt and the assignee of his estate in bankruptcy, Thurman Brokins, and the holder of the said third mortgage, Nathan T. Sprague, show cause why the court should not order the assignee to pay the first two mortgages out of the funds of the estate of the bankrupt, if any he has, or, in default of a payment thereof by them, or some one of them, that they and each of them be foreclosed of all equity of redemption in said premises, or why the petitioner should not have such other order or relief as to the court should seem equitable, &c. The bankrupt, apparently, paid no attention to this petition. The assignee and the third mortgagee showed cause. The former sets up the existence of various alleged defences to the mortgages described in the petition as held by the petitioner, and alleges that various payments have been made thereon which are not credited; that the notes secured by the mortgage given to Newman are barred by the statute of limitations; that the petitioner has no title, legal or equitable, to the mortgage given to Newman, or the notes secured thereby; that, when the said Newman conveyed the real estate to the bankrupt, for the consideration, in whole or in part, expressed in the said mortgage given to her for the price, she covenanted that the premises were free and clear of all other incumbrances, whereas, in fact, the prior mortgage to Austin was then an incumbrance thereon; that the amount of such prior mortgage ought, in equity, to be allowed to the estate of the bankrupt, in abatement of the sum secured by the mortgage to her; that the mortgagee Newman has never assigned the mortgage which was executed and delivered to her; that, in respect to the notes which the petitioner claims to have purchased, they have never been endorsed by her, and she denies his title thereto; that, in respect to others of said notes, (being about one-half of the amount mentioned in the said mortgage,) they are held by, and belong to, the wife of the petitioner, as her separate property; and, finally, that, on the 22d of March, 1870, the petitioner and his wife released to the bankrupt the mortgaged premises. The mortgagee Sprague alleges the validity of his own mortgage, and, upon information and belief, states that payments have been made on the other mortgages, and, also, that, except upon recent information, he has no knowledge of the existence of such mortgages.

Proofs were taken upon the facts alleged, and the district court made an order, "that a decree of foreclosure be made in favor of the petitioner, upon the mortgage described in the petition as executed on the 19th of June, 1841, * * * to Gustavus A. Austin, and also on the mortgage described in said petition as executed on the 11th of November, 1865, * * * to Nathan T. Sprague, and that the case be referred to the clerk of said court, to ascertain the sums due on

said mortgages respectively," and dismissing the petition, with costs, as to the notes and mortgages alleged to have been executed in 1855 to Mary A. Newman. From this order the petitioner appealed in the form and manner prescribed in the eighth section of the bankrupt law, which regulates appeals to this court from the district court in cases in equity, under the jurisdiction created by that act. The assignee in bankruptcy moves to dismiss the appeal, and, subject to that motion, the propriety of the order has been discussed.

The appeals provided for in the eighth section are appeals in that class of cases mentioned in the third paragraph of the second section of the act, which gives to the circuit and district courts concurrent jurisdiction of suits, at law or in equity, which may be brought by the assignee in bankruptcy against any person claiming an adverse interest, or by such person against such assignee, touching any property, or rights of property, of said bankrupt, transferable to or vested in such assignee. The cases in equity mentioned in the eighth section, are suits in equity, whereof the district court obtained jurisdiction by the paragraph last referred to. The appeal in such cases is not the application for a review of the summary orders or proceedings of the district court in the ordinary course of proceedings in bankuptcy, or upon petition therein. The summary jurisdiction given by the first section of the bankrupt law may be exercised upon the ordinary processes, orders to show cause, notices of motion, &c., therein, or upon petition, where special aid or relief is sought in any matter embraced in that jurisdiction. The review of orders made thereupon is not by appeal under the eighth section, but by bill, petition, or other proper process, of any party aggrieved. The precise form of invoking the general superintendence and jurisdiction of this court, to review such orders, is not fixed by the statute, but, the practice in this circuit, in general use, is for the party desiring such review to present to this court a petition, setting forth so much of the proceeding in the district court as is necessary to show the order complained of, and the main facts upon which it was based, or the evidence, when the facts are in dispute, pointing out specifically the supposed error or errors, and asking a review and reversal, or modification, of the order complained of.

I have heretofore, in this district, in Re Clark [Case No. 2,802], expressed my disapproval of an attempt to bring into this court the proceedings of the district court for review, upon the vague and general allegation, even in a petition, that there is error therein. The law contemplates, that, whether the superintendence and jurisdiction of this court be exercised by bill, petition, or other proper process, the matter be brought before the court in some form in which the errors alleged shall be presented for examination,

and not that this court shall be called upon to rove through the entire proceedings, on a general allegation that there is somewhere error therein. If, therefore, in the absence of specific statute provision, it were claimed, that, irrespective of the eighth section, a notice of appeal would be "proper process," for invoking such review of summary proceedings in the district court, I should be constrained to hold that such a notice is not sufficient.

In this matter, the proceeding in the district court was not a suit. It was an application to the summary jurisdiction of the court, sought to be exercised by an order upon the assignee and others to show cause as upon motion, and, on showing cause, an order thereupon was made. If it appeared that the form of a notice of appeal had been adopted under the belief that this court would treat that as "proper process," under the first clause of the second section, the suggestion would be obvious, that such a notice would not, per se, bring before this court the proceedings of the district court, nor any part of them. There is no statute, nor any rule, which gives such a notice effect to bring those proceedings into this court. Whether such a notice would operate even to warrant this court to make any order by which the proceedings of the district court should be certified to this court, is not clear; and, whether this court could make an order based upon such notice, permitting the party supposing himself aggrieved to amend his proceeding, by filing a petition or specification of errors, nunc pro tunc, it is not necessary now to consider, for reasons which will be suggested. Such an order does not seem to be necessary. I find no specific limitation of the time within which a review of summary proceedings may be sought; and it would seem, therefore, that such review may be applied for at any time before the supposed erroneous order is carried into execution.

It was urged, by the counsel for the petitioner, that, although the proceeding was not so in form, yet it was, in substance, a suit in equity to foreclose mortgages held by the petitioner, heard upon bill, answers, and proofs, and that mere form ought to be disregarded, and the appeal sustained under the eighth section of the bankrupt act. I cannot concede that the proceedings may, with any propriety, be deemed and treated as a suit. But, if I could, then I should certainly be compelled to dismiss the present appeal, for, the order sought to be reviewed is not a final decree in such a suit. The order, as an order in a foreclosure suit, is interlocutory merely. It determines, preliminarily to a decree in foreclosure, as to which of the three mortgages a decree of foreclosure shall hereafter be entered, and, with a view to such decree, directs the ascertainment of the amounts due; but, what are to be the terms and conditions of the foreclosure of the

·equity of redemption. nor at what time such foreclosure shall be final and operative, as a bar to the right of redemption, is not settled. nor is the order, in any sense, ripe for final execution. This court has heretofore held, that the appeals given to the circuit court, in suits in equity, by the eighth section of the bankrupt act. are from final decrees of the district court. and not from orders, or interlocutory decrees. not settling all the rights in controversy. Clark v. Iselin [Case No. 2,824].

I have discussed these questions at some length, because the views of this court in relation to the practice under the bankrupt law do not seem to have been fully understood in this district: and I might dispose of this proceeding here, by directing that the appeal be dismissed, but, I foresee that the petitioner may feel some embarrassment and uncertainty respecting the course which is open to him. It is, therefore, not altogether impertinent, in view of a possible renewal of the application to review the order made in the district court, by the filing of a petition of review, or otherwise, to say, that the proceeding was a mistaken one, in the first instance. Jurisdiction to foreclose mortgages upon the estate of the bankrupt is not included in the powers to be exercised summarily under the first section of the bankrupt act. Jurisdiction to order such foreclosure, in favor of an alleged mortgagee claiming adversely to the assignee. and adversely to another mortgagee or mortgagees, where the title of the applicant is disputed, the amount claimed 'is denied to be due, and where it is insisted that he has already released the lien, if any existed, is, most clearly, not embraced in that first section. Controversies like the present must be conducted by a suit, to which all persons claiming adversely to the complainant are made parties. and in which each will have the right of appeal given by the law, and, when the amount is sufficient, to the supreme court of the United States.

I forbear expressing an opinion upon the facts in this case; but, it is not obvious, that, if a part of the notes secured by the mortgage to Mrs. Newman are owned by the wife of the petitioner, as her separate estate, a foreclosure can be had in a suit in equity to which she is not a party; nor, if Mrs. Newman claims the other notes adversely to the petitioner, and that is known to the other parties interested, is it clear that she is not to be made a party to any proceeding by the petitioner, in equity, to enforce them as a lien. Upon what ground this mortgage to Mrs. Newman was deemed invalid, or was excluded by the order made by the district court, was not suggested on the argument. It may have been because the real parties interested therein were not before the court. Obviously, the claims in this respect were not very fully exhibited. Whatever may be said of defect of parties,

it is, at least, doubtful. whether the petitioner did not acquire some interest in the mortgage debt by his purchase from the holders of the notes in Virginia: and, if the decision proceeded upon the ground that the petitioner and his wife had released the mortgage debt, then the proofs tending to show that there was no such intention, that there was no consideration for such a release, and that the execution of the instrument claimed to have such an effect was under a total mistake, which a court of equity ought to correct, all show the importance of having the matter before the court by regular suit, invoking the power of the court to reform the instrument, or otherwise relieve the parties from the technical legal effect of it, as, also, to present the other facts with all proper parties, so that the decree may be effective and be reviewable in appropriate form. For the present, the duty of the court is to dismiss the appeal.